IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GRAPHIC COMMUNICATIONS CONFERENCE OF THE INTERNATIONAL BROTHERHOOD OF TEAMSTERS NATIONAL PENSION FUND; GEORGE TEDESCHI, TRUSTEE; and MALCOLM PRITZKER, TRUSTEE, | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )<br>) |
| MONTCO ADVERTISING SPECIALTIES, INC.; | )<br>) |
| and | ) |
| MICHAEL LORAH, | )<br>)<br>) |
| Defendants. | )<br>) |

## COMPLAINT

The Plaintiffs, Graphic Communications Conference of the International Brotherhood of Teamsters National Pension Fund (the "Fund"); George Tedeschi, Trustee; and Malcolm Pritzker, Trustee, bring this action against the Defendant Montco Advertising Specialties, Inc. ("Montco Advertising") and Montco Advertising's former President and Secretary-Treasurer, Michael Lorah, to collect withdrawal liability payments owed to a multi-employer pension plan pursuant to Section 4201, et seq. of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1381, et seq.

1

## JURISDICTION AND VENUE

1. This Court has jurisdiction of the action under Section 4221(b)(1) of ERISA, 29 U.S.C. § 1401(b)(1), and 28 U.S.C. § 1331. Plaintiffs seek to enforce the provisions of ERISA and the terms of the pension fund, seek redress for Defendants' violations of ERISA, and seek all other appropriate legal or equitable relief under ERISA.

2. Venue in this Court is proper pursuant to 29 U.S.C. § 1451(d) and 28 U.S.C. § 1391. Where an action is brought under ERISA Section 4301 (29 U.S.C. §§ 1451) in district court of the United States, it may be brought at Plaintiff's discretion, in the district where the plan is administered, where the breach took place, or where a Defendant resides or may be found. Montco Advertising and Michael Lorah can be found in this district, thus jurisdiction and venue are properly grounded with this Court.

## PARTIES

3. The Fund is established pursuant to agreements between Local 14-M of the Graphic Communications Conference of the International Brotherhood of Teamsters, among other local unions, and Montco Advertising, among other employers, to provide for pensions and related benefits to employees covered by collective bargaining agreements between participating local unions and employers. The Fund is an employee benefit plan within the meaning of ERISA Sections 3(3) and 3(37)(A), 29 U.S.C. §§ 1002(3) and 37(A), and is controlled and managed by certain fiduciaries within the meaning of Section 402 of ERISA, 29 U.S.C. § 1102. The Fund's principal place of business for such purposes is in Carol Stream, Illinois.

4. Plaintiffs George Tedeschi and Malcolm Pritzker are Co-Chairmen of the Board of Trustees of the Fund. Tedeschi and Pritzker are "plan sponsors" as defined in Section 3(16)(B)

of ERISA, 29 U.S.C. § 1002(16)(B), and are authorized to bring this action pursuant to Sections 4221(b)(1), 4301(a) and 502(a)(3) of ERISA, 29 U.S.C. §§ 1401(b)(1), 1451(a), 1132(a)(3).

5.      Upon information and belief, Montco Advertising was incorporated in the state of Pennsylvania and engaged in the business of commercial printing at 9 South Forest Ave. Unit B, Norristown, P.A. 19401.

6.      Upon information and belief, for all relevant periods, Michael Lorah owned, operated, and controlled Montco Advertising as its President, Secretary and Treasurer.

7.      Upon information and belief, Michael Lorah is a resident of the state of Pennsylvania and is located at 1005 Mather Lane, West Chester, P.A. 19382. Michael Lorah is being sued in his individual capacity because of facts warranting piercing the corporate veil.

8.      On July 25, 2017, Montco Advertising's manufacturing assets were sold to Aura Badge Company. Montco Advertising ceased operations on August 4, 2017.

## FACTUAL ALLEGATIONS

9.      The Fund is primarily funded by contributions, and investment income thereon, remitted by multiple participating employers in accordance with negotiated collective bargaining agreements between those participating employers and labor organizations affiliated with the Graphic Communications Conference of the International Brotherhood of Teamsters. All principal and income from such contributions and investments thereof is held for the exclusive purpose of providing pension and related benefits to participants and beneficiaries of the Fund and paying the Fund's administrative expenses.

10.     Local 14-M served as the collective bargaining representative of certain Montco Advertising employees. Montco Advertising participated in the Fund in accordance with a series

of collective bargaining agreements ("CBA") entered into between Montco Advertising and Local 14-M.

11. Under ERISA Section 4202, 4203 and 4219, 29 U.S.C. § 1382, 1383 and 1399, when certain conditions are met, a multiemployer plan must assess withdrawal liability to each participating employer that has a complete withdrawal from the Fund.

12. The withdrawal liability assessed to a participating employer when it has a complete withdrawal from the Fund is essentially that participating employer's proportionate share of the multiemployer plan's unfunded vested benefit liability and is based on the participating employer's contribution history to the Fund.

13. On an annual basis, Montco Advertising and its President, Michael Lorah, received notice from the Fund that withdrawal liability would be assessed on any employer that withdrew from the Fund. Montco Advertising and Mr. Lorah also received an Employer Withdrawal Liability Manual from the Fund on or about May 1, 2015 explaining how withdrawal liability would be calculated if Montco Advertising withdrew from the Fund.

14. During the Fund's Plan Year ended April 30, 2018, Montco Advertising experienced a complete withdrawal from the Fund as a result of a permanent cessation of Montco Advertising's obligation to contribute to the Fund, as set forth in ERISA Section 4203, 29 U.S.C. § 1383.

15. On October 2, 2017, the Fund assessed Montco Advertising's withdrawal liability, in accordance with Section 4203 of ERISA, 29 U.S.C. § 1383, in the amount of $1,690,045.83 as a result of Montco Advertising's complete withdrawal from the Fund.

16. In accordance with Section 4219(b) of ERISA, 29 U.S.C. § 1399(b), the Fund notified Montco Advertising of the withdrawal liability assessment by sending the required notice to Montco Advertising and Mr. Lorah on October 3, 2017. The Fund's assessment letter included a

demand for payment of withdrawal liability in the amount of $1,690,045.83; Montco Advertising's monthly payment schedule, as required by ERISA Section 4219(b); and identified Montco Advertising's right to request a review of the assessment. Montco Advertising was required to begin making monthly employer withdrawal liability payments to the Fund beginning December 3, 2017.

17. Montco Advertising did not request review of the Fund's withdrawal liability assessment.

18. Instead, Montco Advertising commenced remitting its monthly withdrawal liability payment to the Fund in December 2017 and continued making such monthly payments through May 2018, and submitting a partial payment in June 2018. In total, Montco Advertising paid the Fund $6,740.61 in withdrawal liability between the months of December 2017 and June 2018.

19. On November 5, 2018, the Fund notified Montco Advertising and Mr. Lorah that its withdrawal liability payments beginning in June 2018 were overdue, and that the company would be in default, as that term is defined in Section 4219(c)(5)(A) of ERISA, 29 U.S.C. § 1399(c)(5)(A), if the delinquent payments were not received by the Fund by January 4, 2019. A true, correct and complete copy of the overdue withdrawal liability payment letter is attached hereto as Exhibit 1.

20. On December 7, 2018, the Fund sent additional notification to Montco Advertising and Mr. Lorah that its withdrawal liability payments beginning in June 2018 were overdue, and that the company would be in default, as that term is defined in Section 4219(c)(5)(A) of ERISA, 29 U.S.C. § 1399(c)(5)(A), if the delinquent payments were not received by the Fund by February 5, 2019. A true, correct and complete copy of the overdue withdrawal liability payment letter is attached hereto as Exhibit 2.

21. Pursuant to 4219(c)(5) of ERISA, 29 U.S.C. 1399(c)(5), a party is in default with respect to the withdrawal liability payments that it owes to a multiemployer pension fund, if it has not cured its failure to pay its withdrawal liability installment payments within sixty (60) days following notice and a demand.

22. Montco Advertising failed to cure its default in making withdrawal liability payments to the Fund on or before February 5, 2019.

23. Because Montco Advertising was delinquent in the withdrawal liability payments that it owed to the Fund, and did not cure this delinquency within sixty (60) days of receipt of the Fund's demand, Montco Advertising is in default of its statutory obligation to make withdrawal liability payments to the Fund. As a result, Montco Advertising is statutorily liable to the Fund for the remaining unpaid principal of its withdrawal liability, totaling $1,683,305.22, plus accrued interest on the unpaid amounts owed from the due date of the first owed payment not timely made, liquidated damages, reasonable attorney's fees and costs, and other legal relief as deemed appropriate by the Court in accordance with ERISA Sections 4301(e) and 502(g)(1) and (2), 29 U.S.C. §§ 1451(e) and 1132(g)(1) and (2).

24. Because Michael Lorah received notice of employer withdrawal liability prior to selling Monto Advertising's assets to Aura Badge Company, and subsequently used his control of corporate assets to further his own personal interests by intermingling his personal interests with the corporation's interests, Mr. Lorah is individually liable to the Fund.

## COUNT I
## LIABILITY AGAINST MONTCO ADVERTISING

25. Plaintiffs reallege and incorporate by reference each and every allegation set forth in paragraphs 1 through 24.

26. Montco Advertising's failure to timely remit the assessed withdrawal liability payments has resulted in the company being in default, thereby permitting the Fund to recover payment of the entire outstanding amount of withdrawal liability assessed by the Fund and owed by Montco Advertising, plus accrued interest on that amount from the date those amounts were due, in accordance with Sections 4219(c)(5) and 4221(b)(1) of ERISA, 29 U.S.C. §§ 1399(c)(5), 1401(b)(1).

27. ERISA Section 4301(b), 29 U.S.C. § 1451(b), provides that an action involving an employer's failure to timely make withdrawal liability payments shall be treated in the same manner as a delinquent contribution within the meaning of ERISA Section 515, 29 U.S.C. § 1145. Thus, Montco Advertising is also liable for liquidated damages, costs, and reasonable attorneys' fees, pursuant to ERISA Sections 4301(e) and 502(g)(1), 29 U.S.C. §§ 1451(e) and 1132(g)(1).

28. Plaintiffs, therefore, seek a judgment against Montco Advertising for $1,683,305.22, the entire amount of the assessed withdrawal less the six full payments and one partial payment Montco Advertising has made to the Fund to date, pursuant to ERISA Section 4219(c)(5), 29 U.S.C. § 1399(c)(5), plus pre-judgment and post-judgment interest, liquidated damages and costs and reasonable attorneys' fees, in accordance with Sections 502(g)(2), 4219(c)(5) and 4221(b)(1) of ERISA, 29 U.S.C. §§ 1132(g)(2), 1399(c)(5) and 1401(b)(1).

## COUNT II
## LIABILITY AGAINST MICHAEL LORAH

29. Plaintiffs reallege and incorporate by reference each and every allegation set forth in paragraphs 1 through 28.

30. Michael Lorah, acting as Montco Advertising's President, Secretary, and Treasurer, sold Montco Advertising's manufacturing assets to Aura Badge Company, a commercial printing business located at 264 Clayton Ave., Clayton, NJ.

31. At the time of the asset sale, Mr. Lorah was on notice of the Fund's application of employer withdrawal liability based on the Employer Withdrawal Liability Manual sent by the Fund to Mr. Lorah and Montco Advertising on or around May 1, 2015, and the following annual Update on the Potential Assessment of Employer Withdrawal Liability notifications sent by the Fund to Mr. Lorah and Montco Advertising.

32. Mr. Lorah, in control of Montco Advertising, used that control or corporate assets to further his own personal interests by intermingling his personal interests with the corporation's interests.

33. Therefore, the Fund can pierce the corporate veil and pursue collection of the withdrawal liability owed to the Fund directly from Mr. Lorah.

34. Plaintiffs, therefore, seek a judgment against Mr. Lorah for $1,683,305.22, the entire amount of the assessed withdrawal less the 6 full payments and one partial payment Montco Advertising has made to the Fund to date, pursuant to ERISA Section 4219(c)(5), 29 U.S.C. § 1399(c)(5), plus pre-judgment and post-judgment interest, liquidated damages and costs and reasonable attorneys' fees, in accordance with Sections 502(g)(2), 4219(c)(5) and 4221(b)(1) of ERISA, 29 U.S.C. §§ 1132(g)(2), 1399(c)(5) and 1401(b)(1).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs pray for a judgment providing that Defendants Montco Advertising and Michael Lorah are liable to immediately pay to the Fund the following sums in accordance with ERISA Sections 4219(c)(5) and 4221(b)(1), 29 U.S.C. §§ 1399(c)(5), 1401(b)(1):

a. the amount of the assessed withdrawal liability, less the payments made, equal to $1,683,305.22;

b. interest calculated pursuant to PBGC regulation section 4219.32 from the due date of the first withdrawal liability payment owed by Defendant which was not timely made to the Fund;

c. liquidated damages equal to the greater of:
   i. the accrued interest on the delinquent withdrawal liability payments not paid when due at the time of judgment, or
   ii. an amount equal to twenty percent (20%) of the amount of delinquent withdrawal payments not paid when due at the time of judgment pursuant to ERISA Sections 4301(b) and 502(g)(2),29 U.S.C. §§ 1451(b) and 1132(g)(2)); and

d. post judgment interest;

e. additional costs and reasonable attorneys' fees associated with this lawsuit; and

f. such other relief as the court deems proper.

Respectfully submitted,

*/s/ Stephen C. Richman*

Stephen C. Richman (PA 15884)
Markowitz & Richman
123 S. Broad Street – Suite 2020
Philadelphia, PA 19109
(215) 875-3114
(215) 790-0668 (fascimile)
srichman@markowitzandrichman.com

9

                                      Peter J. Leff /s/
                                  Peter J. Leff (DC 457576)
                                  Mooney, Green, Saindon, Murphy & Welch, P.C.
                                  1920 L Street, NW, Suite 400
                                  Washington, D.C. 20036
                                  (202) 783-0010
                                  (202) 783-6088 (fascimile)
                                  pleff@mooneygreen.com

                                  Attorneys for Plaintiffs Graphic Communications
                                  Conference of the International Brotherhood of Teamsters
                                  National Pension Fund and its Co-Chairmen Trustees,
                                  George Tedeschi and Malcolm Pritzker

Dated: May 7, 2019